UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Darius Mostowfi, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>i2 Telecom International, Inc., et al.,<br><br>　　　　Defendants.<br>_____ / | No. C 03-5784 VRW (WDB)<br><br>ORDER FOLLOWING JULY 7, 2005, DISCOVERY HEARING |

On July 7, 2005, the Court conducted a discovery hearing in connection with plaintiffs' motion to compel production of documents, filed June 28, 2005. Naren Chaganti, Esq., appeared on behalf of plaintiffs. Byron S. Hollins, Esq., appeared on behalf of the 'attorney defendants'.[1] Kathryn Diemer, Esq., appeared on behalf of the 'i2 Telecom defendants'.

For reasons articulated more thoroughly on the record, the Court ORDERED as follows:

____1.　Plaintiffs' counsel confirmed that he is NOT seeking sanctions in connection with his motion to compel. The Court will not impose sanctions in connection with this motion.

---

[1] Mr. Chaganti and Mr. Hollins appeared via telephone.

1

2. Plaintiffs' counsel requests that the undersigned extend the August 31, 2005, discovery deadline "by the number of days the defendants failed to disclose documents." As the Court previously explained to Mr. Chaganti, the undersigned Magistrate Judge does not have the authority to extend case management deadlines, including discovery deadlines, in this case. Any such requests must be directed to Chief Judge Walker.

3. For purposes of resolving the parties' pending discovery disputes, the undersigned will treat the Complaint filed June 13, 2005, as the operative Complaint.

Document Production

4. At the hearing, the Court inquired as to the status of the i2 Telecom defendants' document production. Ms. Diemer represented that approximately six large binders of documents have already been produced to plaintiffs. Ms. Diemer also represented that, earlier that day, July 7, 2005, she had directed her staff to deliver an additional stack of documents approximately eighteen inches in height, to plaintiffs (via Federal Express). The Court ordered Ms. Diemer to verify that her staff had in fact delivered those documents, and if they had not, to ensure that they were sent via Federal Express the following morning, July 8, 2005.

5. The Court reminded the parties that documents that contain both protected (by attorney-client privilege and/or the work product doctrine) material and non-protected material must be produced after redaction of the protected portion.

6. The 'i2 Telecom' defendants **must** serve their 'third wave' privilege log as soon as practicable and no later than August 1, 2005.

7. The Court asked counsel for the 'attorney defendants' to verify that all documents identified as privileged or otherwise protected in their June 8, 2005, privilege log have been preserved in a confidential manner. Mr. Hollins stated that he believed that all such documents had been kept confidential, but that he would re-

review the documents and produce to plaintiffs any documents whose confidential status has not been maintained.

8.  To facilitate the resolution of doubts <u>in favor of</u> disclosure, the Court hereby ORDERS that defendants will NOT be deemed to have waived any privileges or protections that otherwise attach to an arguably protected document by virtue of their disclosure of that document to plaintiffs.  Defendants should mark with an asterisk each arguably protected document that they disclose to plaintiffs' counsel.

Documents so marked are to be reviewed only by counsel for plaintiffs and are to be used only for the purposes of this case.  Defendants may draft a confidentiality agreement (or amend a previously existing one) to so provide.

9.  Plaintiffs seek a ruling from this Court that various documents withheld from production by the 'attorney defendants' and the 'i2 Telecom defendants' as protected by the attorney-client privilege or work product doctrine are not so protected and therefore must be produced to plaintiffs.  The parties have not provided the Court with sufficient information to rule on these complex attorney-client privilege and work product disputes.   If plaintiffs want the Court to resolve such issues, they MUST follow the procedure described below:

Plaintiffs' counsel must review defendants' privilege logs to identify those documents which are significant to plaintiffs' case.  In written correspondence to defendants, plaintiffs must identify each such document <u>by Bates number.</u>  With respect to each identified document, plaintiffs must either (i) provide evidence (direct or circumstantial) that the privileged or protected designation is erroneous, or (ii) make a good-faith argument, supported by legal authority and specific facts, that the defendants have not made a prima-facie showing that the document is protected.

After reviewing each identified document and considering any additional circumstances relevant to that document's protected status, **and in no case later than two weeks after receipt of plaintiffs' correspondence**, defendants must either (i)

3

re-designate the document as not protected and produce it forthwith to plaintiffs, (ii) designate the document as arguably protected pursuant to the procedure outlined above and produce it forthwith to plaintiffs, or (iii) set forth, in written correspondence, all facts and legal authority upon which defendants base their position that the document is protected. Facts upon which defendants rely must be established by competent declaration.

If, after careful review, plaintiffs believe that defendants have withheld documents that are not protected from disclosure, plaintiffs may file a motion to compel. If plaintiffs contend that the Court should order documents produced pursuant to the crime/fraud exception to the attorney/client privilege, they **must** make the showing required under United States v. Zolin, 491 U.S. 554 (1989).

10. Subject matter jurisdiction in this case is predicated on claims arising under federal law. See Plaintiffs' Second Amended Complaint, filed June 13, 2005, ¶ 3. Accordingly, the Court will apply federal law to issues relating to the work-product doctrine. The Court will apply California's privilege law only if plaintiffs' counsel shows us that the documents sought are relevant only to a state law claim or claims.

## Specific Document Requests

11. The 'i2 Telecom defendants' must produce all i2 Telecom bank statements from the period of January 1, 2002, to June 30, 2003.

12. Defendants must produce all records within their custody or control that relate to or reflect defendants' contention that Lew Lim owed defendants approximately $495,000 in "undisclosed liabilities" on or about June 30, 2003. Defendants must also produce all documents that reflect whether Lew Lim paid all or a portion of these "undisclosed liabilities" (directly or otherwise).

Ms. Diemer must continue her efforts to acquire the 'Stressor/Leimbach' documents. Ms. Diemer must also confirm, if possible, how Stressor & Associates

4

and Mr. Leimbach acquired the pertinent information and documents, and whether additional responsive information and/or documents might be retrieved from some other source. After ascertaining the extent of Stressor & Associates/ Leimbachs' records and informational base, defense counsel must also ask defendants Arena, Kossar, Zalenski, and Roberts whether they have any additional responsive documents.

13. Defendants must provide a reliable financial statement for Mr. Kossar for the years 2002 and 2003. Mr. Kossar's investments may be listed by category, i.e. 'equity investments : $5 million dollars'. Plaintiffs' counsel may **NOT** show this financial statement to his clients. In addition, to the extent that the financial statement lists specific companies or particular people, plaintiffs' counsel is not permitted to contact those companies or people unless he obtains consent from defendants' counsel or from the court after an opportunity for defense counsel to object.

14. Counsel for the 'attorney defendants' clarified that the document Bates-stamped 'RAM 1755' is a memo created by the Hollins law firm that was Bates-stamped in error and included in the attorney defendants' privilege log only to avoid the appearance of a 'gap' in Bates-stamped documents.

15. Except as otherwise discussed above, defendants must produce all discoverable documents that are responsive to the remainder of the document requests contained in plaintiffs' Local Rule 37-2 separate statement.

16. At this juncture, plaintiffs are only entitled to one reliable set of documents in response to each request for production of documents. Accordingly, the Court requires 'the attorney defendants' to produce only responsive documents within their custody or control that have not already been produced by other defendants.

     17. The following deadlines apply to the documents referenced in paragraphs eleven through sixteen, above. **By Monday, July 25, 2005,** defendants must produce as many of the documents as possible. **By Monday, August 8, 2005,** defendants **must** complete the document production.

///

///

     At the conclusion of the discovery hearing, plaintiffs' counsel asked the Court to compel various of the defendants to produce their computer hard-drives. Plaintiffs may be entitled to the production of discovery from an electronic source or in electronic form. The Court will not, however, rule on this issue in the absence of briefing from both sides.

     If plaintiffs' counsel wishes to pursue 'electronic source' discovery, he **MUST** first meet and confer with opposing counsel regarding this issue. Only if this meet and confer effort is unsuccessful may plaintiff file a motion to compel. The Court also emphasizes that it will not require defendants to produce duplicative or irrelevant material.

     IT IS SO ORDERED.

Dated: July 12, 2005                                                          /s/ Wayne D. Brazil
                                                                                 WAYNE D. BRAZIL
                                                                     United States Magistrate Judge

Copies to:
All parties,
WDB, VRW
stats