UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Darius Mostowfi, et al., | No. C 03-5784 VRW (WDB) |
| Plaintiffs, | ORDER RE: PLAINTIFFS' MOTION FOR SANCTIONS |
| v. | |
| i2 Telecom International, Inc., et al., | |
| Defendants. | |

On October 10, 2005, plaintiffs' counsel filed a motion for sanctions against various of the defendants in this case, including the 'attorney defendants'. One of the grounds upon which plaintiffs' counsel brought this motion was the 'attorney defendants' failure to disclose communications which defendants claim are privileged (but whose privilege designations plaintiffs' counsel contests).

It appears that plaintiffs' counsel has obtained copies of some of the contested documents from other sources. Plaintiffs' counsel asks the Court to find these documents not privileged and to sanction the 'attorney defendants' for their failure to disclose them. Although it is not perfectly clear from plaintiffs' motion, it appears that plaintiffs' counsel also seeks a Court Order (i) compelling the disclosure of additional documents listed in defendants' privilege log, and (ii) compelling disclosure of other documents not listed in defendants' privilege log.

1

Attached as Exhibit B to plaintiffs' motion for sanctions is a purported 'meet and confer' letter, dated October 7, 2005, which states as follows: "Note that without waiting for your response I will file a motion for sanctions against all defendants, including your clients, for their failure to comply with their disclosure obligations. This is because the 35-day notice motion schedule gives you control of the date of hearing if I have to wait for you to respond to this letter."[1]  Plaintiffs' Motion for Sanctions, filed October 10, 2005, Exhibit B, p. 16.

In sum, plaintiffs' counsel sent a sixteen page 'meet and confer' letter on a Friday, then filed a motion for sanctions based in part on the topics raised in that letter on the following Monday (incidentally, a federal Court holiday).

Plaintiffs' counsel's approach to meeting and conferring is inadequate on its face.  In addition, at least to the extent plaintiffs' counsel seeks a Court order compelling the disclosure of documents listed in defendants' privilege logs which have not yet been disclosed to plaintiffs, it also violates an order previously issued by this Court regarding the meet and confer process necessary prior to the filing of a motion to compel where that motion includes complex attorney-client privilege or work product issues. In this Court's Order, filed July 12, 2005, the Court set forth the following mandatory specific procedure:

> Plaintiffs' counsel must review defendants' privilege logs to identify those documents which are significant to plaintiffs' case.  In written correspondence to defendants, plaintiffs must identify each such document by Bates number.  With respect to each identified document, plaintiffs must either (i) provide evidence (direct or circumstantial) that the privileged or protected designation is erroneous, or (ii) make a good-faith argument, supported by legal authority and specific facts, that the defendants have not made a prima-facie showing that the document is protected.

---

[1] Plaintiffs' counsel's letter concludes that "If you can convince me that your privilege assertion is still valid, I will notify the Court accordingly and ask the Court to strike those parts of the motion." Plaintiffs' Motion for Sanctions, filed October 10, 2005, Exhibit B, p. 16.

2

1  After reviewing each identified document and considering any additional
2  circumstances relevant to that document's protected status, **and in no case later than two
3  weeks after receipt of plaintiffs' correspondence**, defendants must either (i) re-designate
4  the document as not protected and produce it forthwith to plaintiffs, (ii) designate the
5  document as arguably protected pursuant to the procedure outlined above and produce it
6  forthwith to plaintiffs, or (iii) set forth, in written correspondence, all facts and legal
7  authority upon which defendants base their position that the document is protected. Facts
8  upon which defendants rely must be established by competent declaration.

If after careful review, plaintiffs believe that defendants have withheld documents that are not protected from disclosure, plaintiffs may file a motion to compel . . .

Order Following July 7, 2005, Discovery Hearing, pp. 3-4.

///

///

This Court will NOT hear plaintiffs' motion for sanctions under these circumstances. The hearing previously scheduled for this purpose on November 14, 2005, is VACATED. Unless and until plaintiffs' counsel persuades the Court that he has engaged, in good faith, in the meet and confer processes required by the Civil Local Rules, and this Court's prior Order, as to <u>every</u> material portion of plaintiffs' motion for sanctions, the Court will not place that motion on its calendar for hearing.

IT IS SO ORDERED.

Dated: October 13, 2005

/s/  Wayne D. Brazil
WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:
All parties,
WDB, VRW.